**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL CASE NO. |
| Plaintiff, | : | 3:10-CR-00228-JCH-2 |
| v. | : | |
| TORRE GREEN, | : | |
| Defendant. | : | FEBRUARY 24, 2015 |

**RULING RE: MOTION FOR RECONSIDERATION (DOC. NO. 149)**

On October 23, 2014, the defendant, Torre Green ("Green"), filed a pro se Motion for Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 135). On December 22, 2014, the court entered an Order denying defendant's Motion. Order (Doc. No. 146). On January 6, 2015, the defendant filed a Motion for Reconsideration of the court's Order. Motion for Reconsideration of Motion for Sentence Modification pursuant to 18 U.S.C. § 3582(c)(2) ("Mot. for Reconsid.") (Doc. No. 149).

The standard for granting a motion for reconsideration is strict,[1] and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). A court should not grant a motion for reconsideration where the moving party seeks only to relitigate an issue already decided. See id. In

---

[1] Local Rule of Criminal Procedure 1(c) states that motions for reconsideration filed in criminal cases are subject to the Local Rule of Civil Procedure governing motions for reconsideration. D. Conn. L. Cr R. 1(c).

1

general, granting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).   That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.  Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

Green first argues that reconsideration is warranted because he did not receive a copy of the government's response to the amended presentence report, and thus that the court rendered its Order denying his motion for reduction before he could present a reply to the government's response.  Mot. to Reconsid. at 2-3.

Second, Green argues that the court erred in concluding that he was ineligible for a sentence reduction under 18 U.S.C. § 3482(c)(2) ("Amendment 782"). Specifically, he argues that under Amendment 782, his total offense level is 21, based on a base offense level of 24 under § 2D1.1[2] and a level three reduction for acceptance of responsibility under § 3E1.1.   This total offense level, along with a criminal history category of V, would result in an amended guideline imprisonment range of 70-87 months, the low end of which is lower than his original sentence of 84

---

[2] A base offense level of 24 applies where the relevant conduct involves at least 28 grams but less than 112 grams of cocaine base.   U.S.S.G. § 2D1.1(c)(8).   At Green's sentencing, the court found that his relevant conduct involved 35 grams of cocaine base.

months.  However, Green's calculation fails to take into account that the court also found a two level increase for possession of a firearm under § 2D1.1(b)(1).  Thus, his total offense level under Amendment 782 is 23, not 21.[3]  This offense level, along with a criminal history category of V, results in an amended guideline imprisonment range of 84-105 months.  Since Green's current sentence of 84 months is at the low end of the amended range, the court correctly determined that he is ineligible for a sentence reduction.  See U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2014).

Because Green was not previously able to file a reply, his Motion for Reconsideration is **GRANTED**.  However, after reconsideration, including consideration of the arguments raised by Green by way of reply, the court **AFFIRMS** its Order (Doc. No. 146) denying Green's Motion for Sentence Modification (Doc. No. 135).

**SO ORDERED.**

Dated this 24th day of February, 2015, at New Haven, Connecticut.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] In determining the amended guideline range, the court must look to "the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10 comment n.1.